IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE L. PIBERNUS-ORTIZ<br><br>*Plaintiff*<br><br>vs.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO<br><br>*Defendants* | Civil No:<br><br>ACTION FOR:<br><br>**ADA**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**TO THIS HONORABLE COURT:**

COMES NOW the Plaintiff, JORGE L. PIBERNUS ORTIZ, through the undersigned attorney, and respectfully STATES, PRAYS and ALLEGES as follows:

**INTRODUCTION**

1. This is a civil action brought for disability discrimination pursuant the American with Disabilities Act, 42 U.S.C. § 12101 et. seq. ("ADA"); the Puerto Rico Employment Discrimination Statute, 29 P.R. Laws Ann. §§146 ("Law 100") and the Puerto Rico Law Against Discrimination of Disabled Persons, 1 P.R. Laws Ann. §§ 501 ("Law 44").

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §1331 since this action arises under laws of the United States. Subject matter jurisdiction over claims asserted under the laws of Puerto Rico is based upon supplemental jurisdiction pursuant to 28 U.S.C. §1367. The state claims are so related to the federal claims in this action that they form part of the same case or controversy

1

under Article III of the United States Constitution as provided under 28 U.S.C. §1367(a).

3. Venue lies properly in this Court pursuant to 28 U.S.C.A. § 1391(a)(2) because the acts herein complained of occurred within the Commonwealth of Puerto Rico.

## PARTIES

4. JORGE L. PIBERNUS ORTIZ ("Plaintiff") is a natural person, citizen of the United States of America, and resident of the Commonwealth of Puerto Rico, employed by the Defendant as Sewer Plant Operator IV at the El Tuque Plant in Ponce, Puerto Rico since June 25, 2008.

5. Upon information and belief, AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO ("AAA") or ("Defendant") is a public corporation organized under the laws of the Commonwealth of Puerto Rico with legal capacity to sue and be sued.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Since the year 2007 Plaintiff has been treated for and has continued to suffer from mayor depression, post traumatic stress disorder and chronic mental health apnea disorder.

7. Plaintiff developed these conditions as a result of being a combatant at the Iraqi War (Operation Iraqi Freedom) in the year 2005-2006, and as a Multinational Force and Observers in Sinai, Egypt in the year 2009-2010.

8. Defendant, Plaintiff employer, was aware of Plaintiff's mayor depression, post traumatic stress disorder and mental health apnea disorder since at least July of 2011.

9. During Plaintiff's episodes of mayor depressive disorder and post traumatic stress disorder, he does not have the strength or desire to get out of bed, he has constant feeling of guilt and despair, he feels tired and weak, with loss of energy, loss of appetite, with suicide and homicide thoughts and paranoid, his mind often goes blank and/or begins to think in irrelevant matters, he is very anxious, irritable all the time, and also experiences anger constantly.

10. As part of his medical treatment for mayor depressive disorder and post traumatic stress disorder, Plaintiff is prescribed Alprazolam, Duloxetine, Iboprufen, Methocarbamol, Omeprzole, Quetiapine, Ranitidine, Sildenafil, and Methotrexate

11. Plaintiff's condition of chronic mental health apnea disorder causes him to be irritable, extreme exhaustion, problem gastrointestinal problems; he does not feel mentally sharp as a result of this condition and has experience change in personality, he also wanders off mentally and can go into mechanical and unconscious sleep. Indeed on March, 2013, commuting to work Plaintiff suffered a car accident as a result of going into an episode of mechanical sleep.

12. As part of his medical treatment for chronic mental health apnea disorder, Plaintiff is prescribed Trazodone.

13. As part of his medical treatment for chronic mental health apnea disorder, Plaintiff is required to sleep with a CPAP (Continuous Positive Airway Pressure) machine.

14. In light of Plaintiff's medical condition of mayor depression, post traumatic stress disorder and chronic mental health apnea disorder he is a qualified individual under the American with Disability Act.

15. Plaintiff also has a record of suffering from mayor depression, post traumatic stress disorder and chronic mental health apnea disorder

16. As a result of Plaintiff's medical conditions, on July 21, 2011, Plaintiff's psychiatrist, Dr. Carlos Áviles González recommended that Plaintiff be given at his job a temporary *night* shift as he was working some night shift and some day shifts and this was significantly deteriorating his medial conditions. Plaintiff promptly notified the Defendant as to his psychiatrist recommendation.

17. As a result of Plaintiff's medical conditions, and in light of Defendant's failure to acknowledge Plaintiff's medical recommendations, on August 11, 2011, Plaintiff's psychiatrist, Dr. Carlos Áviles González issued a second recommendation that Plaintiff be given at his job a temporary steady shift (day or night) as he was working some night shift and some day shifts and this was significantly deteriorating his medial conditions. Plaintiff promptly notified the Defendant as to his psychiatrist recommendation.

18. After August 11, 2011, Plaintiff did follow up with the Defendants regarding his request for reasonable medical accommodations by talking to Miguel Pérez Candelario, Manager at the water treatment plant where Plaintiff worked at that

4

time and by talking to Supervisors Juan Rodriguez and Alberto Borrero. However, Defendant did nothing to provide reasonable accommodation to the Plaintiff even though it had opportunity to do so.

19. For instance, on November 2, 2011 Plaintiff requested the position of Pump System Operator, a vacant position with a steady shift that had been held by José León Feliciano who had recently resigned.  Plaintiff qualified for this position, however, the same was not offered to the Plaintiff.  Instead Manager Miguel Pérez Candelario informed the Plaintiff that the position was being covered temporarily by an employee with a TA classification (a maintenance worker) and that he was going to reclassify the position.  A requirement of experience as an assistant electrician was not added to the position until about a year later.

20. Given the downfall deterioration of his medical conditions, on December 9, 2011, Plaintiff sent Ms. Betsy Torres Cruz, a Human Resources Auxiliary for the Defendant, a letter requesting follow up to his July and August medical accommodations requests.

21. It was not until February 3, 2012, nearly 6 months after Plaintiff initial reasonable accommodations request, that Juan Rodríguez, a Supervisor at Plaintiff's site of employment, informed the Plaintiff that he needed to undergo a medical evaluation in order to consider his doctor's medical recommendations.

22. That medical evaluation was held by Defendant's medical doctors on March 15, 2012.

23. On April 12, 2012, at around 3:31 p.m. Plaintiff was given a letter dated April 2, 2012 informing of the results of Defendant's Medical evaluation of the Plaintiff held on March 15, 2012. The letter indicated that Defendant's doctor had recommended that Plaintiff be given a steady working shift, among other things to maintain his medical treatment, and qualified Plaintiff to other positions certified by Defendant's Human Resources Department.

24. At 3:57 p.m. Plaintiff was summoned to the office of Supervisor Alberto Borrero. Upon arriving at the office I discovered that Manager Miguel Pérez Candelario and Supervisor Juan Rodríguez were also present.

25. At that meeting Manager Miguel Pérez Candelario and Supervisors Juan Rodríguez and Alberto Borrero began yelling and harassing Plaintiff with regards to the April 2, 2012 letter and the recommendations made by the Defendant's doctor. These individuals were extremely upset about the April 2, 2012 letter. Among the verbal aggressions made by these individuals were demanding from Plaintiff to make a decision as to what was it that he really wanted.

26. The intimidation, hostilities and verbal aggressions against the Plaintiff continued for the days that follow and were of such nature and intensity that upon recommendation from his doctor, Plaintiff had to go on medical leave for 7 days beginning April 26, 2012.

27. On May 17, 2012 Plaintiff visited the Human Resources facilities regarding his reasonable accommodation and was informed that nothing had been in that respect because Manager Miguel Pérez Candelario had indicated to them that I needed more time to make a decision, something completely false.

28. Time continued to pass without Defendant making any arrangements to provide me with reasonable accommodation, and it is not until July 31, 2012 that Plaintiff is summoned to Defendant's Human Resources Department. At that meeting Plaintiff was offered a Laboratory Technician position which would have amounted to a demotion with inferior earnings than Plaintiff's actual salary.

29. In retaliation to Plaintiff's refusal to accept the Laboratory Technician position between November and December of 2012, Plaintiff was summoned to the Department of Human Resources. There he was then given an ultimatum to accept a position in Adjuntas, Puerto Rico, which would have forced Plaintiff to extend his commuting time by more than an hour daily. Plaintiff rejected that offer as it had the intention to retaliate against him for his request for reasonable accommodation, and because it hinders his medical treatment for his conditions.

30. At the time, besides the position of Pump System Operator that have been held by José León Feliciano, which was of equal category than that of Plaintiff, there was another position available which was of equal category to Plaintiff's position and which had a steady working shift also. That position (Special Shift) was the position of Carlos L. Figueroa-Mercado, who had also recently resigned.

31. As harassment at the workplace continued against the Plaintiff and fearing further deterioration of his health, between the end of August to the beginning of September 2012 Plaintiff sought relocation to the position in Adjuntas where he currently works.

32. Plaintiff exhausted administrative remedies and o November 18, 2013 received from the EEOC his Notice of Right to Sue.

## FIRST CAUSE OF ACTION
*(Disability Discrimination – ADA)*

33. The allegations contained in paragraphs 1 through 32 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

34. Defendant's reason for delaying and disregard for Plaintiff's request for medical reasonable accommodation constitutes evidence of disability discrimination.

35. Defendant's delay and disregard for Plaintiff's request for medical reasonable was based on Plaintiff's disabilities. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

36. As a direct and proximate cause of Defendant's aforementioned disability discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
*(Reasonable Accommodation – ADA)*

37. The allegations contained in paragraphs 1 through 36 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

38. Defendant knowingly and purposefully did not make medically ***reasonable*** accommodations to the Plaintiff to attend to his disability medical needs. Defendants attempt to provide reasonable accommodation to the Plaintiff did not take into consideration and indeed hindered on his need for maintaining his medical treatment.

8

39. Defendant's refusal to provide Plaintiff's request for reasonable accommodation was based on Plaintiff disability as it was rooted in Plaintiff's mental impairments.

40. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

41. As a direct and proximate cause of Defendant's aforementioned discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

### THIRD CAUSE OF ACTION
*(Harassment / Hostile Work Environment – ADA)*

42. The allegations contained in paragraphs 1 through 41 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

43. Defendant's aforementioned conduct constitutes harassment and a hostile work environment against the Plaintiff because of his disability.

44. Defendants' decision was made with malice and with reckless indifference of Plaintiff's federally protected rights, and thus, constitutes an unlawful employment conduct pursuant to the American with Disability Act.

45. As a direct and proximate cause of Defendant's aforementioned discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## FORTH CAUSE OF ACTION
### *Discrimination – Puerto Rico Law 100 and Law 44*

46. The allegations contained in paragraphs 1 through 45 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

47. Defendant's reason for delaying Plaintiff"s request for medical reasonable accommodation constitutes evidence of disability discrimination.

48. Defendant's reason for delaying Plaintiff"s request for medical reasonable accommodation was based on his disability.  Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to Puerto Rico Law 100 and Law 44.

49. As a direct and proximate cause of Defendant's aforementioned discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## FIFTH CAUSE OF ACTION
### *(Reasonable Accommodation – Puerto Rico Law 100 and Law 44)*

50. The allegations contained in paragraphs 1 through 49 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

51. Defendant knowingly and purposefully did not make medically **reasonable** accommodations to the Plaintiff to attend to his disability medical needs.

52. Defendant's denial of Plaintiff's request for reasonable accommodation was based on Plaintiff disability as it was rooted in Plaintiff's mental impairments.

53. Defendants' decision was made with malice and with reckless indifference of

10

Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to the Puerto Rico Law 100 and Law 44.

54. As a direct and proximate cause of Defendant's aforementioned discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## SIXTH CAUSE OF ACTION
### *(Harassment / Hostile Work Environment – Puerto Rico Law 100 and Law 44)*

55. The allegations contained in paragraphs 1 through 54 of this Complaint are incorporated by this reference as if fully set forth herein by Plaintiff.

56. Defendant's aforementioned conduct constitutes harassment and a hostile work environment against the Plaintiff because of his disability.

57. Defendants' decision was made with malice and with reckless indifference of Plaintiff's state protected rights, and thus, constitutes an unlawful employment conduct pursuant to the Puerto Rico Law 100 and Law 44.

58. As a direct and proximate cause of Defendant's aforementioned discrimination conduct, Plaintiff has suffered and will continue to suffer, under this cause of action, great emotional and financial damages estimated at one million dollars ($1,000,000.00).

## JURY TRIAL

59. Plaintiff hereby invokes his Seventh Amendment Right to a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment imposing on Defendant

11

the payment of a) compensation of three SIX MILLION DOLLARS ($6,000,000.00) for the all causes of action; b) statutory, liquidated, punitive damages under ADA, Law 100 and Law 44; c) double compensatory damages pursuant to Law 100 and Law 44; d) all with interest, attorney fees and the cost of litigation, as well as any other remedy this Honorable Court deems just and proper.

In Juana Díaz, Puerto Rico on the 13th day of February, 2014.

*S/ALFREDO ACEVEDO CRUZ*
**ALFREDO ACEVEDO CRUZ, ESQ.**
**USDC-PR NUMBER 220705**

**LAW OFFICE OF ALFREDO ACEVEDO CRUZ**
**P.O. BOX 93**
**JUANA DIAZ, PR 00795**
**Tel.: (787) 837-0031**
**Fax: (787) 837-0032**
**e-mail: lcdoacevedo@yahoo.com**